## MOLYNEUX *vs.* SEYMOUR, FANNING & CO.

1. All persons found within the limits of a government, whether their residence be deemed permanent or temporary, are to be deemed, so far, citizens, or subjects thereof, as that the right of jurisdiction, civil and criminal, will attach to such persons.

2. Although a non-resident comes not within the territorial limits of a State, still, if he own property there, that will give the Courts jurisdiction.

3. If a non-resident have property in the hands of another, it may be reached by garnishment, the property itself, as well as the garnishee, being within the jurisdiction of the Court.

4. Personal property has no locality other than that of the person having the same in possession, ownership, custody or control.

5. M. owes C. a balance, both residing in Georgia. M. goes to South Carolina and is summoned by process of garnishment, at the instance of W. & M., creditors of C., to depose what he is indebted to C. W. answers, and admits an indebtedness, which he is directed by the Carolina Court to pay over to the hands of an assignee. M. is garnisheed in Georgia by S. F. & Co. to depose in the Courts of this State what he is indebted to C. He answers, and brings to the knowledge of the Court the fact of the South Carolina judgment against him for the same debt: *Held*, that it is error to coerce M. to pay over the money a second time in this State, and that he was protected by the South Carolina judgment from further liability.

Molyneux *vs.* Seymour, Fanning & Co.

This was a garnishment sued out by Seymour, Fanning & Co., calling upon E. Molyneux to depose what he was indebted to, or what effects of one Carmichael he had in his hands.

The facts of the case are sufficiently stated in the opinion of the Court.

WARD, JACKSON & JONES, for plaintiff in error.

GEORGE T. BARNES, for defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We shall address ourselves to two questions only in this case, taking no notice whatever of the order given by Carmichael to H. F. Russell.

First, had the Court in Carolina jurisdiction of Molyneux? And secondly, if it had, had Molyneux an attachable interest in his hands belonging to Carmichael at the time the Carolina garnishment was served?

All persons who are found within the limits of government, whether their residence be permanent or temporary, are to be deemed, so far, citizens or subjects thereof, as that the right of jurisdiction, civil and criminal, will attach to such persons. And although the non-resident come not within the territorial limits of a State, still, if he owns property there, this will give the local Courts jurisdiction; so that jurisdiction can be rightfully exercised, whether founded upon the *person* being within the territory or upon *property* within the territory: *Story on Conflict of Laws, secs. 539, 543, 550; Phillmore on International Law, pages 355, 368, 373.*

This doctrine has been recognized and enforced in every State of the Union. It is no longer a debatable question.

If a non-resident debtor have property in the hands of another, it may be reached by garnishment, the property itself, as well as the garnishee, being within the jurisdiction of the Court. The learned-Judge who decided this case, conceded that if the non-resident garnishee have in the State where he is garnisheed, and when he is garnisheed, property of the defendant in his hands, or he is bound to pay the defendant money at some particular place in the State, or to deliver to

him goods at some particular place in the State, that then he may be garnisheed.

We submit, there is no foundation in reason for such a distinction. Has he property of the defendant's in his hands which may be surrendered up? or does he owe him an attachable debt? which, of course, follows and adheres to his person.

Molyneux was served personally with the process in Charleston. He is responsible, then, to the Courts of South Carolina: *Drake on Attachments, sec.* 409, *et passim;* 15 *Ohio R.,* 445; 1 *Cushing R.,* 21; *Kerr's Action at Law,* 171, 178; 2 *Amer. Lead. Cas.,* 724, 725, 726, *et seq.;* 9 *Mass. R.,* 462, 470; 4 *Comstock R.,* 375, 376, 378; 6 *Texas R.,* 275; 21 *Vol. Law Reporter, No.* 5, *p.* 296; *Ib. Vol.* 3 *No.* 5, *pages* 301, 304; 43 *Eng. Com. Law Rep.,* 487; 3 *Douglas,* 281.

If Molyneux, after service, had made no return, the Court would have regarded this as an admission on his part, that he had assets and given judgment against him for the amount of the plaintiff's claim: 2 *Bailey S. R.,* 212, 213; 2 *McCord Rep.,* 224, 225; 1 *Bay's Rep.,* 484.

Personal property has no locality other than that of the person having the same in possession, ownership, custody or control: *Drake on Attachments, sec.* 436; *Story's Conflict of Laws, secs.* 380, 382, 388, 390.

Molyneux could at any moment have given a draft for the balance in his hands, and thus have passed the property and possession at the same time.

The person of the garnishee, then, being within the jurisdiction of the South Carolina Court, and he being personally served with the regular process of that Court, the fund also being within the jurisdiction of that Court, it being purely personal, a balance due Carmichael, the jurisdiction of that Court was complete, both as to the person and subject-matter; and the jurisdiction of that Court having first attached, the Courts in this State will not coerce the garnishee to pay second time.

Could not Carmichael have sued Molyneux in South Carolina and held him to bail upon this demand while Molyneux was passing through Carolina, or temporarily there upon business? If so, is it not clear that the creditors of Carmi-

chael could have reached the debt due Carmichael by garnishment? Does not principle demand this?

Molyneux was served personally in Charleston on the 19th of December, 1856. On the 5th of May thereafter, he filed his return, admitting $2,814 09 in his hands coming to Carmichael. On the 23d of March, 1857, he was garnisheed in Georgia, at the instance of Seymour, Fanning & Co. To this latter summons Molyneux filed an original return on the 23d of May, 1857; and an amended answer February 15th, 1859. In his return to the Courts of each State, he admitted his indebtedness to Carmichael, the fact of this fund being first garnisheed in his hands in South Carolina, and insisted upon the exclusive jurisdiction of the Courts of that State; and in his amended return in this State, the further fact of the final order of the South Carolina Court, directing and requiring him to pay the amount admitted to be in his hands to Goldthan Walker, the regularly appointed assignee of that Court, under the law for that purpose, and that he had paid over said sum.

The return thus made in this State was not traversed. Molyneux had acted with the most perfect good faith. No steps were taken by the Georgia creditors to interplead or otherwise interfere with the proceeding in Carolina, although thus brought to their knowledge by the deposition of Molyneux.

Is it possible that, under these circumstances, he shall be adjudged to have paid this money wrongfully in South Carolina? And wherefore? Why, because the South Carolina attachment was not *effectually* levied, the balance ·due by Molyneux to Carmichael not being *an attachable* debt. Who made the Courts of this State an appellate tribunal, to review and reverse the judgment rendered in South Carolina? Is not as full faith and credit to be given to this judgment as if rendered in one of the Courts of this State? Is not every presumption in its favor, that it was rightfully rendered? Does the fact affirmatively appear upon the face of these papers anywhere that it was not? The Constitution of the United States, to say nothing of the comity of States, requires us to presume that there was sufficient proof before the South Carolina Court to authorize the judgment which they awarded.

The simple truth in this case is, that Wardlaw and Walker,

in the exercise of superior diligence, have got the start in the race of Messrs. Seymour, Fanning & Co.; and the same may have happened had both proceedings been instituted in this State; and the Courts can afford them no relief.

We hold, then, that the Court in South Carolina had jurisdiction, and we are bound to presume—because it has been so adjudged by a Court of competent jurisdiction—that Molyneux had an *attachable* interest in his hands belonging to Carmichael at the time the Carolina garnishment was served. Nothing appears upon the face of the proceedings to rebut this presumption; but, on the contrary, the proof sustaining the exercise of jurisdiction, and consequently that the Court was wrong in ordering judgment to be entered up in this State, compelling Molyneux to pay the money in his hands a second time.