WILLIAM H. WATKINS, plaintiff in error, vs. SUSAN CASON, defendant in error.

C. holds the notes of W., which are not yet due, secured by mortgage. Before they fall due, a judgment creditor of C.'s issues garnishment against W. and obtains judgment against the garnishee for the amount of C.'s debt to him (the creditor), which is less than the amount of the notes. After judgment against the garnishee, but before the notes fall due, they are set apart to C. as personalty, under the homestead laws. On the maturity of the notes, the judgment creditor issues execution against the garnishee (which was levied on his property), who voluntarily pays the amount to the attorney of the judgment creditor. Before the maturity of the notes, the garnishee had written notice that they had been set apart to the payee as personalty, under the homestead laws:

*Held*, That C. was entitled to foreclose the mortgage for the full amount of the notes. If the money has not passed beyond the control of the Court, it should be ordered to be paid in satisfaction of the mortgage judgment in preference to the creditor's judgment against the garnishee. If it has, C. is entitled to have execution against the mortgaged property, the owner of which must look to those to whom he paid the money for remuneration.

Foreclosure of mortgage. Homestead. Garnishment. Before Judge TWIGGS. Jefferson Superior Court. November Term, 1871.

Susan Cason instituted proceedings against William H. Watkins to foreclose a mortgage given to secure the payment of four promissory notes, dated January 1st, 1870, due twelve months after date, and each for the sum of $100.

The defendant pleaded that a judgment in garnishment was rendered against him as a debtor of the plaintiff for the sum of $335 62, which he was compelled to satisfy; that he claims a deduction from plaintiff's demand to the amount aforesaid.

The evidence disclosed the following state of facts: R. K. Dixon, as trustee, commenced suit against Susan Cason in Washington Superior Court, and had process of garnishment served upon William H. Watkins, returnable to Jefferson Superior Court. He recovered a judgment against Susan

Cason at the April Term, 1870, of Washington Superior Court, upon which a judgment was rendered against William H. Watkins, garnishee, at the November Term, 1870, of Jefferson Superior Court, for the sum of $265 27, with interest from April 9th, 1868, and for $14, costs. Execution was issued upon this last judgment and levied upon a house and lot as the property of Watkins, on January 4th, 1871, and on the same day the *fi. fa.* was settled in full by the payment of 335 62. On December 12th, 1870, the aforesaid promissory notes and mortgage were set apart to Susan Cason as a portion of her exemption of personalty, and on the 22d day of the same month, William H. Watkins was notified of this fact in writing.

Counsel for the defendant requested the Court to charge the jury, "that the judgment against Watkins in Dixon's favor, for the amount of Dixon's *fi. fa.* against Mrs. Cason, was a payment of these notes of Mrs. Cason against Watkins to the amount of the judgment in garnishment against Watkins, and the only right in these notes which could be set apart as an exemption of personalty for Mrs. Cason, was the amount due on them, less the amount to be paid Dixon by Watkins, under the judgment in garnishment."

The Court refused the above request, and charged the jury as follows, to-wit:

"I charge you, gentlemen of the jury, that when Mrs. Cason had these notes set apart as her exemption of personalty, they were no longer liable to the judgment in garnishment against Watkins, as a debtor of Mrs. Cason, and Mrs. Cason's lien on these notes and mortgage became superior to all other liens, and if Watkins paid the amount due Dixon, with full notice that these notes and mortgage had been set apart as an exemption of personalty for Mr. Cason, he is still liable on the notes and mortgage to Mr. Cason for the full amount due upon them, the notes and mortgage being the vested right and property of Mrs. Cason, her homestead lien over them became superior to Dixon's garnishment lien on them."

The jury returned a verdict for the full amount of the notes.

The defendant excepted to the refusal to charge, and to the charge as given, and assigns the same as error.

CARSWELL & DENNY, by brief, for plaintiff in error. 1. Irrelevant testimony should be excluded : 1 Greenleaf's Ev., sec. 50; 19 Ga. R., 569 ; 25 Ga. R., 714. 2. Effect of judgment in garnishment: Code, secs. 3230, 3491, 3492; 5 Ga. R., 425 ; 8 Ga. R., 549 ; 30 Ga. R., 441.

CAIN & POLHILL, by brief, for defendant. 1. A judgment cannot be enforced against property set apart as a homestead : Const., Art. VII., sec. 1, clause 2 ; Acts of 1868, p. 27. 2. The money should be distributed according to the priorities allowed by law, in which event the homestead is of superior lien : Code, sec. 3489 ; 41 Ga. R., 320.

MONTGOMERY, Judge.

We think the Constitution controls this case. Garnishment is but a process by means of which to reach property of a defendant inaccessible to an ordinary execution. It has no greater lien upon the debt garnisheed than an execution has on property levied on by it, with the qualifications pointed out by statute, not here necessary to be noticed. The garnishee had notice that his debt had been set apart to Mrs. Cason as personalty under the homestead laws, and that, therefore, it was not liable to be subjected to the payment of any debt due by her, not in the excepted class. It is not pretended that the debt due the garnishing creditor comes within any of the exceptions. The garnishee, therefore, paid the debt in his own wrong, and must look to the parties to whom he paid the money for reimbursement. If the fund is still within the control of the Court, such direction can be given to it as to protect the garnishee. If the sum has passed beyond the control of the Court, Mrs. Cason is entitled to have her execution against the mortgaged property.

Judgment affirmed.