## DUNLAP *vs.* HOOPER.

1. The pendency of a general garnishment is no bar to a special proceeding to subject wages by alleging the consideration of defendant's indebtedness to plaintiff to be provisions furnished in 1875. Especially not, where the general garnishment has become inoperative by judgment of court.

2. If suit be instituted originally by service of garnishment, in lieu of levy of attachment, it may be that the same strictness would be required as in cases of attachment ; but where garnishment is sued out *pendente lite* or after judgment as an auxiliary proceeding, the the same strictnesss would not be required. In such a case the attorney may make the affidavit as to the indebtedness " to the best of his knowledge and belief."

3. That is certain which may be made certain on the face of a proceeding. Hence, where the affidavit to obtain garnishment set out the amount of principal and interest due to judgment, with interest since the date thereof, and the term when it was rendered, and the judgment itself was a part of the record before the court, the amount due was made sufficiently certain.

Garnishments. *Lis Pendens.* Attorney and Client. Before Judge CLARK. City Court of Atlanta. December Term, 1880.

To the report contained in the decision, it is only necessary to add that the first garnishment was based upon an ordinary affidavit of indebtedness, while the second garnishment was based on an affidavit made by the attorney of the plaintiff after judgment, stating the amount due, and that to the best of deponent's knowledge and belief the actual consideration of the debt was provisions furnished to the defendant by the plaintiff in 1875.

E. A. ANGIER, for plaintiff in error.

H. C. ERWIN ; H. H. TUCKER, Jr., for defendant.

JACKSON, Chief Justice.

Suit was brought to recover a debt due by Dunlap to Hooper, and summons of garnishment was served on the

garnishee *pendente lite.* After judgment a motion was made to dismiss it on the one hand, and on the other to enter up judgment upon it. The court denied both motions, but required plaintiff to pay the costs on the summons.

Afterwards another summons of garnishment was issued and served on the same garnishee, grounded on the liability of the garnishee as owing wages to the defendant, the former not containing any allegation of the sort. On the answer to this last service of garnishment judgment was entered against the garnishee, and a motion to dismiss the garnishment was overruled.

On the refusal to dismiss, error is assigned.

1. There was no garnishment pending which could reach the wages the garnishee owed defendant; therefore there was no error in refusing to dismiss, on the ground of the pendency of the former garnishment. It had become inoperative. Indeed it was never operative so as to reach wages. Hence, there was no pendency of another valid suit on the same cause of action. Code, §3476.

2. If suit be instituted originally by service of garnishment in lieu of attachment, it may be that the same strictness would be required as in case of attachment; and the affidavit by counsel to the best of his knowledge and belief as to the ground of garnishment would perhaps not be sufficient, as ruled in cases of attachment in 60 *Ga.*, 113. But where summons issues *pendente lite* or after judgment, the same strictness would not be required. In such cases the law is, the attorney may swear to the best of his knowledge and belief. Code, §3534.

3. That is certain which can be made certain on the face of the proceedings. Therefore, where the affidavit for summons of garnishment sets out the amount of principal and interest due up to judgment, with interest from judgment, and the term when judgment was rendered, and the judgment itself is part of the record of the case before the court, the amount due is made sufficiently certain.

The motion to dismiss was properly overruled,we think, for these reasons, and no error other than the refusal to dismiss is assigned in the bill of exceptions.

Judgment affirmed.