## SOUTHERN RAILWAY COMPANY *v.* FULFORD.

One who owes wages which are exempt from garnishment, upon being garnished, should set up the fact of the exemption in his answer; and if he fails to do so and permits judgment to be rendered against himself, and then pays the money due for wages into court, he does so at his peril and will be liable in a suit by the laborer for the amount of the wages.

Argued November 27, 1905. — Decided March 24, 1906.

Complaint. Before Judge Hodges. City court of Macon. June 19, 1905.

*N. E. & W. A. Harris,* for plaintiff in error, cited Civil Code, §§4708; 4711; *Ga. R.* 70/741; 71/748; 73/344; 76/98; 80/761; 109/791; 88 Tenn. 646; 48 Fed. 312; 18 Cyc. 1453, 1476.

*R. Douglas Feagin,* contra, cited Civil Code, §4732; *Ga. R.* 46/447; 71/749(3); 80/763; 99/786(1); 101/210; 119/683-685, 855; 76/762.

Beck, J. Fulford was sued in a justice's court upon an account, and summons of garnishment was issued thereon against his employer, the Southern Railway Company. The garnishee answered that it was indebted to him in the sum of $49.30. Fulford was a party to the suit and was properly served therein; yet he did not contest the action, and judgment was rendered against him for fifty dollars and costs. Judgment was subsequently rendered against the garnishee, subjecting the amount that it had answered was due him. A fi. fa. was issued against the railway company, and it paid the money into court. Fulford did not attempt to appeal from either the judgment against him or the one against his employer, and he now brings this action against the railway company for the amount it paid into court, alleging that it was earned by him as a day laborer. The defendant, that is, the railway company, in its plea relied upon the above-stated facts, and averred that although Fulford was a party to the proceedings against him in the

magistrate's court, he "in no way insisted upon any right to said moneys or made any claim that the same were exempt in any way." The court sustained a general demurrer to the defendant's answer, and entered a judgment of default upon the docket; to which ruling and judgment the railway company excepted.

The only question for our decision in this case is whether or not the court erred in sustaining the demurrer to the defendant's plea. There are certain other assignments of error in the bill of exceptions, but they were not insisted upon in the argument or brief of counsel for plaintiff in error. The question which is here now for decision seems to have been settled by the adjudications of this court and of other courts in harmony with it. In the case of *Watkins* v. *Cason,* 46 *Ga.* 444, the facts were, that Cason was the holder of the notes of Watkins, which were not due, secured by a mortgage. Before the notes became due a judgment creditor of Cason issued a garnishment against Watkins and obtained a judgment against the garnishee for the amount of Cason's debt to him (the creditor), which was less than the amount of the notes. After judgment against the garnishee, but before the notes fell due, they were set apart to Cason as personalty under the homestead laws. On the maturity of the notes the judgment creditor issued an execution against the garnishee (which was levied upon his property), who voluntarily paid the amount to the attorney of the judgment creditor. Before the maturity of the notes the garnishee had written notice that they had been set apart to the payee as personalty under the homestead laws. And it was held by the court that Cason "was entitled to foreclose the mortgage for the full amount of the notes. If the money has not passed beyond the control of the court, it should be ordered to be paid in satisfaction of the mortgage judgment in preference to the creditor's judgment against the garnishee. If it has, [Cason] is entitled to have execution against the mortgaged property, the owner of which must look to those to whom he paid the money for remuneration." No notice to the garnishee apprising it that the debt sought to be garnished was exempt was necessary. The garnishee knew that its indebtedness to Fulford was for the daily wages of a laborer, and that day-laborers, under the law, are exempt from the process and liabilities of garnishment on their daily, weekly, or monthly labor. Civil Code, §4732. While the garnishee might truthfully assert that it

did not know whether Fulford desired to set apart this exemption, it can not assert that it did not have notice of the existence of the exemption; and, knowing that, it became its duty to disclose that exemption to the court when it made its answer to the summons of garnishment, and then to insist upon the same as a legal ground for a refusal to pay the money into court. At least, it should have disclosed in its answer the grounds upon which the sum due Fulford was exempt from the process of garnishment, and should have notified him of the fact that it had been garnished. Smyth, in his work on Homestead and Exemption, § 562, draws from the *Watkins* case, supra, and other decisions cited, the principle that "A garnishee, who pays over money which constitutes a part of the personalty exemption of the debtor, does so at his own risk. He will be liable to the debtor (his creditor) for the full amount of the money he has paid. A person who has been brought into court as a garnishee may answer that the property of the debtor, in his hands, or his indebtedness to such debtor, is exempt by law from seizure on attachment or execution, and he is bound to bring the fact to the notice of the court; otherwise the judgment against such garnishee, and the satisfaction thereof, will not bar an action against him by the attaching debtor." And the writer quoted reinforces the authority for the rule just laid down, by an extensive quotation from the case of Pierce *v.* Railroad Co., 36 Wis. 283, which appears, from examination, to be very similar to the instant case. The *Watkins* case is cited and approved in *Taylor* v. *Jarrell,* 104 *Ga.* 169, and the latter case is also in principle similar to the one at bar, stating a doctrine adverse to the contention of the plaintiff in error. In line with the authorities already quoted, as sustaining the conclusion reached in this opinion, is the rule stated in Waples on Attachment and Garnishment, § 738, as follows: "The garnishee who fails to disclose exemption when the fact is within his knowledge, and when the defendant is not present to claim it himself, may render himself liable to the defendant after payment into court; for he ought to disclose it; and he can not deprive the defendant of his right against himself by failing to do so." And this principle is supported by numerous citations. The writer last named cited also the case of *Emmons* v. *Telephone Co.,* 80 *Ga.* 760. The ruling in that case, however, is not precisely upon the point under discussion now, but the reasoning of the learned

Chief Justice who wrote the opinion is very persuasive of the correctness of the doctrine laid down, as may be seen from the following extract from that opinion: "We think the obvious public policy is that laborers' earnings are not to be withheld from them and paid into the court, but are to be paid to them, whether garnishment is served or not. Such wages are exempt not only from being taken under garnishment, but from the process of garnishment. They can not be seized and detained by garnishment; and it is obvious that this is the reason and spirit of the law. Laborers must have their pay; and it will not do to have a system that will involve withholding their wages from them and paying them into court to abide the delay and expense of a claim of exemption on the part of the laborers."

*Judgment affirmed. All the Justices concur, except Atkinson, J., who did not preside.*