### 9362. FITZPATRICK COMPANY *v.* SHEPHERD *et al.*

BROYLES, P. J. 1. Under section 5298 of the Civil Code of 1910, before it was amended, laborers were exempt from the process of garnishment on *all* of their daily, weekly, or monthly wages, whether in the hands of their employers or of other persons. Under that law, where a garnishee set up in his answer that the fund in his possession was not subject to garnishment because it was a debt due for daily, weekly, or monthly wages of a laborer, the answer was sufficiently full; and he was discharged, unless the answer was traversed. *Smith* v. *Johnson,* 71 *Ga.* 748; *Armour Packing Co.* v. *Winn,* 119 *Ga.* 683 (46 S. E. 865); *Southern Ry. Co.* v. *Fulford,* 125 *Ga.* 103 (54 S. E. 68, 5 Ann. Cas. 168). However, under that code-section as amended by the act of the General Assembly, approved August 14, 1914 (Ga. L. 1914, p. 62), which is the law now in force, fifty per cent. of the excess of $1.25 per day of all wages of a laborer is subject to garnishment, and where a garnishee answers in substance merely that the fund in his possession is exempt for the reason that it is due for wages of a laborer, without stating specifically when the wages referred to were earned by the defendant, and whether they were earned as daily, weekly, or monthly wages, the answer is incomplete and is subject to exceptions. In this case, however, the plaintiff in fi. fa. having filed no exceptions or traverse to the incomplete answer of the garnishee, the trial court did not err in discharging the garnishee and in ordering that the property which the answer admitted was in his hands be turned over to the defendant in fi. fa.

2. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED MARCH 13, 1918.

Certiorari; from Morgan superior court—Judge Park. November 2, 1917.

*M. C. Few,* for plaintiff.

*Williford & Lambert,* for defendants.