## 61897. CALE v. EASTERN AIR LINES, INC.

CARLEY, Judge.

Appellant Cale filed suit alleging that his employer, appellee Eastern Air Lines (Eastern), "has illegally and unconstitutionally withheld earned wages from [Cale] of more than ten thousand and four hundred dollars ($10,400.00) . . ." Eastern answered, denying the material allegations of Cale's complaint. Through discovery it was established that the basis for Cale's suit was the actions taken by Eastern as garnishee pursuant to a garnishment proceeding instituted by Cale's ex-wife to collect on a judgment awarding her alimony and child support. See *Cale v. Cale,* 153 Ga. App. 57 (265 SE2d 71) (1980). It was Cale's contention that Eastern, as garnishee, had "wrongfully" submitted itself to the jurisdiction of the Superior Court of Forsyth County and had, in answering the garnishment, "wrongfully" failed to assert the statutory exemption from garnishment contemplated by Code Ann. § 46-301 (c). Cale asserted that Eastern's failure in this regard had resulted in its answering into court sums in excess of "the maximum part of [his] aggregate disposable earnings" subject to garnishment. See *Southern R. Co. v. Fulford,* 125 Ga. 103 (54 SE 68) (1906). Eastern moved for summary judgment and its motion was granted. Cale appeals.

1. Eastern contends that as garnishee it was not obligated to assert any defenses that Cale, the defendant, has to the garnishment proceeding. It is true that a garnishee can waive any defenses it has to the institution of the garnishment proceeding against it. "[T]he garnishee is not required to assume the responsibility of a failure to answer the summons." *Studdard v. Barge-Thompson Co.,* 44 Ga. App. 349, 350 (161 SE 638) (1931). Therefore, the contention that Eastern's decision to submit itself to the jurisdiction of the Superior Court of Forsyth County was "wrongful" as to Cale is without merit. Jurisdiction over the person is a defense which may be waived by the party entitled to assert it under Code Ann. § 81A-112. See *Whitby v.*

*Maloy,* 145 Ga. App. 785, 787 (2) (245 SE2d 5) (1978). The CPA applies in garnishment proceedings, Code Ann. § 46-305, and we know of no reason why the garnishee may not waive its personal jurisdiction defense and submit itself to the jurisdiction of a court which would not otherwise have jurisdiction over it. See *Cranford v. Dunson & Bros. Co.,* 1 Ga. App. 319 (57 SE 1057) (1907).

However, as noted in *Studdard,* 44 Ga. App. at 349, supra, "[i]f the money in the hands of the garnishee were subject to exemption in favor of the judgment debtor, a different question would arise . . ." It appears that while the garnishee can waive *its* defenses to the proceeding, a garnishee cannot waive *the judgment-debtor's* claim to an exemption from the garnishment process of the amounts in the hands of the garnishee. " 'A garnishee, who pays over money which constitutes a part of the personalty exemption of the debtor, does so at his own risk. He will be liable to the debtor (his creditor) for the full amount of the money he has paid. A person who has been brought into court as a garnishee may answer that the property of the debtor, in his hands, or his indebtedness to such debtor, is exempt by law from seizure on attachment or execution, and he is bound to bring the fact to the notice of the court; otherwise the judgment against such garnishee, and the satisfaction thereof, will not bar an action against him by the attaching debtor.' . . . 'The garnishee who fails to disclose exemption when the fact is within his knowledge, and when the defendant is not present to claim it himself, may render himself liable to the defendant after payment into court; for he ought to disclose it; and he can not deprive the defendant of his right against himself by failing to do so.' " *Southern R. Co.,* 125 Ga. 103, 105, supra. Therefore, the question in the instant case is whether the rationale of the decision in *Southern R. Co.* is applicable. If it is, genuine issues of material fact remain with regard to whether Eastern "wrongfully" answered into court sums which were exempt from garnishment.

2. Under subsection (c) of Code Ann. § 46-301 as it read during the times relevant to this appeal (Ga. L. 1976, pp. 1608, 1613; 1977, pp. 159, 164), a portion of the aggregate disposable earnings of a judgment-debtor were exempt from the garnishment process. And under former section (e) of that statute, "no garnishee shall withhold from the disposable earnings of the defendant any sum greater than the amount prescribed by [Code Ann. § 46-301 (c)] . . ." However, former subsection (d) of Code Ann. § 46-301 also provided that "[t]he exemption provided by section 46-301 (c) shall not apply if the judgment upon which the garnishment is based is a judgment for alimony or for the support of any dependent of the defendant, provided the summons of garnishment shall contain a notice to the garnishee that no exemption is applicable." The record before us

shows that Eastern was served with sufficient "notice" that no exemptions from garnishment were applicable. See *Southern Motors v. Cleary,* 134 Ga. App. 278, 280 (2) (213 SE2d 920) (1975). Apparently in arguing that Eastern "wrongfully" failed to claim an exemption from garnishment applicable to his earnings, Cale relies upon *existing* Code Ann. § 46-301 (d) (Ga. L. 1980, pp. 1769, 1771) which readopted the principle that the exemptions provided in subsection (c) of the statute do not apply in a garnishment on a judgment for alimony and child support, but with the following proviso: "In any case in which the garnishment is based on such judgment, the maximum part of the aggregate disposable earnings of an individual for any work week which is subject to garnishment shall be 50 per cent of such individual's disposable earnings for that week." This statute, placing a "ceiling" on the otherwise non-exempt status of earnings garnished for payment of an alimony or support judgment, did not become effective until 1980 and has no application to the garnishments in the instant case which were instituted in 1978 and 1979. At the times relevant to the instant appeal former Code Ann. § 46-301 (d) was in effect and that statute provided for *no* exemptions when the judgment upon which the garnishment was based was for alimony and support. As discussed above, the record before us demonstrates that former Code Ann. § 46-301 (d) was complied with in the garnishment proceedings underlying the instant suit. There being no applicable exemptions which Eastern failed to claim, *Southern R. Co.,* 125 Ga. 103, supra, is inapplicable and summary judgment was properly granted.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 22, 1981.

*Scott McLarty,* for appellant.
*Michael V. Elsberry, William W. Gardner,* for appellee.