62455. CALE v. CALE.

Birdsong, Judge.
The appellant Norman Cale complains that the garnishment judgment issued against him as defendant in Fulton County State Court is illegal inasmuch as a Forsyth County court had previously entered a garnishment judgment against him on the same indebtedness between the same parties.

It is agreed and the record and transcript show that when the appellee, Betty Jo Cale, filed the Fulton County garnishment summons against Eastern Air Lines, Inc., there was then pending in Forsyth County a garnishment proceeding for the same indebtedness against Eastern Air Lines, as garnishee, which Forsyth County action the appellant had traversed because Forsyth County is not the residence of the garnishee. By the time the appellant's Fulton County

traverse was heard, the Forsyth County action had proceeded to judgment, the garnishee having submitted to Forsyth jurisdiction and paid in the amount sought. We take it from the evidence that this Forsyth judgment had been appealed but are not advised the result of this appeal.

The appellant fought the Fulton County proceedings on the ground of Code Ann. § 46-401, which provides: "Upon the filing of the defendant's traverse . . . no further summons of garnishment may issue, nor may any money or other property answered subject to garnishment be disbursed until such [traverse] hearing is held." The Fulton trial judge did not relent but issued up the garnishment judgment after ruling that Code Ann. § 46-401 does not apply to different garnishment proceedings, though based on the same debt, but prohibits only the further issuance of any summons of garnishment in the *same* proceeding in which the traverse is filed, pending the hearing on the traverse.

The interpretation of Code Ann. § 46-401 by the trial court is correct; nevertheless, we must reverse, because the garnishment proceeding in Fulton County to the extent that it was prosecuted for the same cause against the same party as the Forsyth action then pending, was barred by Code Ann. § 3-601 and by Code Ann. § 3-607 (see *Schoen v. Home Fed. Savings &c. Atlanta,* 154 Ga. App. 68 (267 SE2d 466)).

In *Molyneux v. Seymour, Fanning & Co.,* 30 Ga. 440, 444, the two garnishment proceedings, of which the second was abated, were pursued in different states, but the Supreme Court said, "the same may have happened had both proceedings been instituted in this State; and the Courts can afford [the plaintiff] no relief." In the *Molyneux* case, the second garnishment was pursued by a second judgment creditor against the garnishee Molyneux, who had apparently already paid all he had of the assets of the debtor Carmichael to Carmichael's other creditor by garnishment in South Carolina. The second garnishment was abated because "the Courts in this State will not coerce the garnishee to pay [a] second time," and this rule applies even more emphatically where, as in this case, the judgment creditor in each proceeding is the same and the debt is identical. And particularly where the single debt has in fact already been paid, we do not see the logic in making the garnishee pay the same debt in a second garnishment, and Code Ann. § 3-607 forbids it where the judgment or the pendency of the former suit is plead on the basis that "no one should be twice harassed . . . for one and the same cause." *Rogers v. Hoskins,* 15 Ga. 270, 273; *Schoen,* supra, p. 69. If a contrary result seems indicated in *Dunlap v. Hooper,* 67 Ga. 721, it is because in that case there was no prior valid garnishment pending

which could reach the wages the garnishee owed the defendant; the former garnishment was inoperative and could not serve as a bar, as it was apparently "so defective that no recovery shall be had." (Code Ann. § 3-607).

In the case before us, the transcript shows that a recovery on the same debt was had in the Forsyth County action. The Fulton County action should have been abated, for even though the garnishment law (Code Ann. § 46-401) does not provide for such abatement, Code Ann. § 3-607 does as a matter of law whenever a former recovery or a pending suit for the same cause has been plead, as it was in this case. Accordingly, the Fulton County garnishment judgment which duplicates the amount sought and judgment rendered in the pending Forsyth County garnishment is reversed.

*Judgment reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 19, 1981.

*Jon W. McClure,* for appellant.
*John P. Manton,* for appellee.