63035. CALE v. CALE.

BIRDSONG, Judge.

Garnishment. This defendant in garnishment, Norman Cale, appeals a Fulton State Court order dated July 1981, adjudging appellant liable in garnishment of his employer Eastern Airlines for the sum sought by his former wife. No issue is made in this case as it was in *Cale v. Cale,* 160 Ga. App. 434 (287 SE2d 362), that the sums sought had already been paid as the subject of another garnishment judgment, and hence for purposes of this appeal only, we must assume there was no such abatement issue in this case.

The trial court in the instant garnishment proceeding found "no evidence whatsoever to support the [appellant's] contention that the amount prayed for in the affidavit as amended is not owed," and

ordered $1,850 and $1,698, respectively to be paid on the appellant's alimony and attorney fee obligations to the former wife. The evidence supports this factual determination, which is based on the attorney fee debt and the former wife's amendments for alimony payments in arrears subsequent to her filing of the garnishment petition, she having admitted that the original alimony debt sought, some $8,000, had been paid.

However, the appellant Norman Cale nevertheless contends the trial court erred in denying his traverse. The transcript in this case shows essentially that appellant Norman Cale is complaining that the continuous alimony garnishments against him since 1978, including this one, had so diminished his remaining income that he has no money to pay current obligations. See esp. *Cale v. Cale,* supra; *Cale v. Eastern Air Lines,* 159 Ga. App. 630 (284 SE2d 647). The transcript shows undisputedly that by reason of the alimony garnishments filed against appellant's employer, $3,336.01 was withheld from his paycheck in two months. Appellant testified apparently referring to his pay: "We get $2,000 on the fifteenth of every month." He testified that he received only $20 in his first-of-the-month check. The trial court at one point observed, "[The employer] is undoubtedly holding out more than the debt."

This case is reversed and remanded to determine whether the amounts withheld by appellant's employer for purposes of garnishment of any kind, including this garnishment by the former Mrs. Cale for alimony and child support, at the time of the proceedings below exceeded 50% of the aggregate disposable earnings of the appellant for any work week. Code Ann. § 46-301 (c) (d) (e). The trial court should ascertain any and all garnishments to which Mr. Cale's pay is subject, wherever and whenever filed, and including attorney fees sought by the former wife (Code Ann. § 46-301 (e)); and the sum of moneys withheld by appellant's employer on account of all garnishments against appellant shall not exceed 50% of his aggregate disposable earnings for any one work week. Code Ann. § 46-301 (d) and (e). The trial court erred in this case in not determining whether more had been withheld from appellant's earnings than is subject to garnishment under Code Ann. § 46-301 (d), the issue being distinctly raised in the evidence and in appellant's contentions that these garnishments were keeping him in slavery and destroying his ability to pay current obligations. The law at Code Ann. § 46-301 (d) was enacted specifically to prevent the type of circumstance which ensnared this appellant in *Cale v. Eastern Air Lines,* supra. If on remand the trial court determines that no more than 50% of appellant's disposable income, that is, net income was deducted pursuant to any garnishment proceeding, including this

one, then the garnishment is within the law and the trial court may order judgment for the appellee, the appellant's other complaints concerning the garnishor's ability to amend her petition for subsequent arrearages, being without merit.

*Judgment reversed and case remanded with direction. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 24, 1982.

Norman Cale, *pro se.*
*Kenneth J. Vanderhoff, Jr.,* for appellee.