49089. F. N. ROBERTS PEST CONTROL COMPANY v. McDONALD.

Stolz, Judge.

The defendant appeals from a judgment of the Superior Court of Fulton County in favor of the plaintiff for $5,575 general damages, $4,425 exemplary damages, and $2,000 attorney fees as expense of litigation in this action on a contract for home improvements which was allegedly procured by fraud and deceit based on false representation.

The evidence showed that the plaintiff, an 87-year-old, unmarried woman, had done some business with the defendant corporation over a substantial period of time. On June 30, 1970, after the defendant completed certain pest control work on the premises, its sales manager, Mr. Roberts, had a conversation with the plaintiff about repairing the roof of the plaintiff's home. The evidence regarding the conversation was conflicting. The plaintiff testified that Mr. Roberts told her a hard wind would probably cave her roof in, that he could not give her an estimate of the cost of repair, and induced her to sign a

contract in blank. Mr. Roberts testified that there was much more to be done than just roof repair, but that he and the plaintiff "figured up that job. . .item for item," and that the entire contract was filled in providing for a contract price of $5,790 prior to its execution by the plaintiff.

The contract price was paid by the plaintiff in two instalments; the first, of $1,500 by personal check dated July 11, 1970, the second with borrowed funds of $4,290 on July 24, 1970. The plaintiff contended the work was completed when the first instalment was paid; the defendant contended that it was still in progress. The plaintiff testified that she paid the second instalment only after the defendant's agents had threatened "about three times" to place a lien on her property. This was denied by the defendant's agents. The defendant's agents testified in detail as to the type of work done, the cost of materials, the number of workmen involved, the amount of time consumed in doing the work, and the reasonableness of the contract. Three expert witnesses testified for the plaintiff: first, a contractor of 22 years' experience, the second, a housing code inspector for the City of Atlanta, and the third, a building code inspector for the City of Atlanta. The first described the work done to the plaintiff's home and estimated "the whole job would cost about $993, including the roof." The second testified that he had inspected the house sometime before Christmas 1969 and that the house did not need a new roof. After inspecting the work done, the second witness estimated the value of the entire work at $850—$950. The third witness testified that he inspected the work after it was done and that certain portions did not meet the requirements of the building code of the City of Atlanta.

1. The trial judge did not err in denying the defendant's motions for directed verdict.

A vendee who is induced to enter into a contract of sale by fraud of the vendor, may elect to affirm the contract and sue for damages for the fraud. *Mosely v. Johnson,* 90 Ga. App. 165 (82 SE2d 163); *Spindel v. Kirsch,* 114 Ga. App. 520 (151 SE2d 787). "A material misrepresentation falsely made by a vendor to a vendee

to induce a sale, and made with a knowledge of its falsity, amounts to actual fraud." *Emlen v. Roper,* 133 Ga. 726 (2) (66 SE 934). It is usually a jury question as to whether the person to whom the alleged false and fraudulent representation is made was negligent in relying thereon. *Thompson v. Bank of Arlington,* 44 Ga. App. 686 (2) (162 SE 647). Under the evidence as above recited, a jury question was presented, and, hence, the denials of the motions for directed verdict were proper.

2. The defendant enumerates as error a portion of the judge's charge to the effect that the obligation to communicate a material fact may arise from the confidential relations of the parties. Here, of course, no confidential relationship existed between the parties. In considering the merits of the defendant's contention, this court must examine the charge as a whole, and not merely take an isolated phrase out of context. The paragraph of the charge wherein "confidential relations" are referred to, was given thusly: "Suppression of a fact material to be known and which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Prior to giving the foregoing, the trial judge gave a lucid and thorough charge on other aspects of fraud and deceit. The above-quoted portion, taken in its entirety, is a charge on the obligation of one *to communicate facts,* and could not reasonably be interpreted as inferring that a confidential relationship existed between the parties. While the portion of the charge complained of was not entirely adjusted to the evidence, it does not require a reversal of the case. *Wilson v. Harrell,* 87 Ga. App. 793 (75 SE2d 436); *Lazenby v. Citizens Bank,* 20 Ga. App. 53 (92 SE 391).

3. The defendant contends that the trial judge erroneously submitted the question of unconscionability to the jury, since the issues arose out of a contract, not a tort. It is well established that exemplary damages cannot be recovered in an action ex contractu. Code § 20-1405. The defendant asserts that the plaintiff's case is predicated on Code Ann. § 109A-2—302 (Ga. L. 1962, pp. 156, 183) on unconscionable contracts. However, the

doctrine of unconscionability existed long before the enactment of the Uniform Commercial Code. In *Hall v. Wingate,* 159 Ga. 630, 667 (126 SE 796) (1924) our Supreme Court stated, "An unconscionable contract is one abhorrent to good morals and conscience. *It is one where one of the parties takes a fraudulent advantage of another.* 'An unconscionable contract is one such as no man in his senses and not under a delusion would make on the one hand, and as no honest and fair man would accept on the other.' " (Emphasis supplied.) This view was repeated in *Martin v. Approved Bancredit Corp.,* 224 Ga. 550, 553 (163 SE2d 885) (1968). Unconscionability is directly related to fraud and deceit, which in turn may be found where there is great inadequacy of consideration or great disparity of mental ability. Code Ann. § 109A-2—721 (Ga. L. 1962, pp. 156, 233) provides that "Remedies for all material misrepresentation or fraud include all remedies available under this Article for nonfraudulent breach. Neither rescission or a claim for rescission of the contract for sale nor rejection or return of the goods shall bar or be deemed inconsistent with a claim for damages or other remedy." In *King v. Towns,* 102 Ga. App. 895, 902 (118 SE2d 121), involving the sale of cookware at an amount in excess of its market price, this court noted that the action arose out of a fraudulent scheme to induce the plaintiff to make certain purchases, and that the court correctly construed the action to be one sounding in tort, and approved a charge on exemplary damages.

4. The defendant contends that the trial judge erred in charging the jury that the plaintiff would be entitled to recover expenses of litigation under Code § 20-1404, such sums as would be reasonable, commensurate with whatever bad faith the jury may find.

Expenses of litigation, including attorney fees referred to in Code § 20-1404, are not punitive or exemplary damages. *Busbee v. Sellers,* 71 Ga. App. 26 (29 SE2d 710). However, where the action is based on fraud and deceit, such are allowable. *Traders Ins. Co. v. Mann,* 118 Ga. 381, 384 (45 SE 426) and cits. Once the jury determines that the defendant procured the contract through fraudulent and deceitful means, it is authorized

to consider the matter of attorney fees as an expense of litigation. In doing so, it cannot make a finding that is the result of its mere collective imagination, but must arrive at its findings from evidence that is presented. In this regard, the jury may consider the experience and expertise of counsel, the amount of time involved in rendering the services, and the rate of compensation allowed in similar cases, among other things. The jury would not be authorized to award attorney fees "commensurate with the amount of bad faith," but could do so only based on the evidence of their reasonable worth as aforesaid. Here, the evidence showed the value of the attorney services at $2,130. The plaintiff sought and the jury awarded $2,000. Once the jury determined the existence of fraud and deceit, attorney fees were allowable and could be returned in an amount within the evidence presented, regardless of the "amount of bad faith." The award was within the evidence and the erroneous charge was therefore harmless.

5. (a) The evidence, as heretofore noted, was conflicting. Nevertheless, it was ample to support the jury verdict and judgment rendered thereon.

(b) The trial judge did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Deen, J., concurs. Eberhardt, P. J., concurs in the judgment.*

ARGUED FEBRUARY 12, 1974 — DECIDED JUNE 20, 1974 — REHEARING DENIED JULY 3, 1974 —

*Jack K. Bohler,* for appellant.
*Webb, Parker, Young & Ferguson, Thomas L. Murphy,* for appellee.