## 49593. LIBERTY MUTUAL INSURANCE COMPANY v. COBURN.

WEBB, Judge.

Coburn obtained a verdict and judgment against Stutts for $60,000 on October 8, 1971 in a tort action based upon an automobile collision. Stutts, driving a rental car, was insured pursuant to Code Ann. § 92A-621 by spot liability insurance under a policy provided by Liberty Mutual Insurance Company, appellant herein. Based on that judgment against Stutts, Coburn brought garnishment proceedings on May 16, 1972 against Stutts and Liberty Mutual, and Liberty Mutual appealed from an adverse judgment therein. This court affirmed (see *Liberty Mut. Ins. Co. v. Coburn,* 129 Ga. App. 520 (200 SE2d 146)); certiorari was denied by the Supreme Court, and on October 12, 1973 Liberty Mutual paid Coburn $68,400 in satisfaction of the judgment in the garnishment case.

While the garnishment case was still pending in Chatham Superior Court, Coburn instituted in that same court on October 3, 1972 the case sub judice. This ex contractu complaint against Liberty Mutual was upon the blanket liability insurance policy for the amount of the judgment against Stutts and alleged that Liberty

Mutual had resisted Coburn's claim as judgment creditor and third-party beneficiary without legal grounds, causing plaintiff *to bring garnishment proceedings* and also the present action, "and by reason of said defendant [Liberty Mutual] being stubbornly litigious and causing plaintiff [Coburn] unnecessary trouble and expense plaintiff is entitled to recover attorney fees amounting to one-third of the amount of its claim and other expenses of litigation."

Coburn also alleged that by "reason of the premises and the conscious indifference of said defendant insurance company to plaintiff's rights *under said insurance policy* and to deter said defendant insurance company from such future action, plaintiff . . . is entitled to recover an additional $15,000 punitive damages." (Emphasis supplied.)

Coburn further prayed that the case sub judice be consolidated for trial with the garnishment case between the same parties then pending in Chatham Superior Court.

Liberty Mutual answered and filed various motions. After payment of the judgment in October 1973, Liberty Mutual amended its answer, alleging payment of the judgment in the garnishment proceedings, that the garnishment action was between the same parties, for the same cause of action (a judgment against Stutts) as that alleged in the complaint, and that the judgment was a full and final adjudication of the claim and cause of action alleged in the complaint in this action.

Liberty Mutual also filed its motion for summary judgment alleging "that there is no genuine issue as to any material fact relevant and material to the liability of defendant to plaintiff in this action, that defendant is entitled to a judgment as a matter of law, and that the pleadings on file and affidavits and exhibits" established the contentions of defendant which entitled it to a summary judgment.

Coburn thereupon amended his complaint by adding a new paragraph alleging "That since the filing of the instant suit, Plaintiff obtained a judgment against Defendant Liberty Mutual Insurance Company in garnishment proceedings instituted in the main case, a

copy of said judgment being attached as Exhibit A to amendment to answer of Defendant. Said judgment was affirmed by the Georgia Court of Appeals, certiorari was denied and the same has been paid by Defendant Liberty Mutual Insurance Company." Coburn further amended by striking his prayer for judgment for $60,000 plus interest, and by striking the prayer for consolidation of trial with the garnishment case. At the same time Coburn responded to Liberty Mutual's motion for summary judgment.

The learned trial judge denied the motion for summary judgment, issued his certificate for immediate review, and now we have the same parties again before this court on somewhat the same claim involved in the case previously decided.

Coburn has been paid the principal amount of his judgment, plus interest, but in this action upon the liability insurance policy he now seeks punitive damages, attorney fees and other expenses of litigation. Nothing else remains in his complaint.

We cannot agree that he can recover such. "Punitive" and "exemplary" damages relate to the same thing. *Cohen v. Garland,* 119 Ga. App. 333, 336 (167 SE2d 599); *Interstate Life &c. Co. v. Brewer,* 56 Ga. App. 599, 609 (193 SE 458). And, "Exemplary damages can never be allowed in cases arising on contracts." Code § 20-1405; *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394 (4), 401 (106 SE2d 45); *Murray v. Americare Medical Designers, Inc.,* 123 Ga. App. 557, 559 (181 SE2d 871); *Turpin v. North American Acceptance Corp.,* 119 Ga. App. 212, 218 (166 SE2d 588); *Overstreet v. Schulman,* 77 Ga. App. 320 (1, c), 324 (48 SE2d 474).

"The petition undertook to set forth a cause for the recovery of simple and punitive damages. The claim of both species of damages is predicated upon the contention that the defendant breached the contract. 'Exemplary damages can never be allowed in cases arising on contracts.' Code § 20-1405. The punitive damages were not recoverable, under the rule announced in: *Chattanooga, R. & C. R. Co. v. McLendon,* 86 Ga. 517, 524 (12 SE 941); *Hadden v. Southern Messenger Service,* 135 Ga. 372, 374 (69 SE 480); *Georgia Kaolin Co. v. Walker,*

54 Ga. App. 742, 746 (189 SE 88)." *Jones v. Central Builders Supply Co.,* 217 Ga. 190, 195 (121 SE2d 633).

The complaint was originally founded on a judgment against Liberty Mutual's insured, the subject of a garnishment proceeding against Liberty Mutual. That judgment was paid upon termination of the garnishment case, as indicated by Liberty Mutual's amended answer, the affidavit attached to Liberty Mutual's motion for summary judgment, and by the complaint as amended — an undisputed fact. There remained no other claim, except for exemplary damages, and attorney fees and expenses of litigation. "Expenses of litigation and attorney fees are recoverable only in cases where other elements of damage are recoverable." *Bigelow-Sanford Carpet Co., v. Goodroe,* 98 Ga. App. 394 (5, 6), 401, supra; *Willis v. Kemp,* 130 Ga. App. 758 (7), 761 (204 SE2d 486).

"Neither of the only two elements of damages sought and awarded in the counterclaim (punitive damages and attorney fees) is recoverable unless there is a right under the pleadings and evidence to recover general, nominal or special damages." *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (4) (170 SE2d 745).

In asking for attorney fees and other expenses of litigation Coburn apparently seeks to invoke Code § 20-1404. That provision "is not applicable to a case where the attorney fees asked for do not arise out of a present suit, but are part of another legal proceeding." *Randolph v. Merchants &c. Loan Co.,* 58 Ga. App. 566, 573 (199 SE 549).

Coburn cites as support for his contention State Farm Mutual Automobile Ins. Co. v. Smoot, 381 F2d 331 (5th Cir. 1967). "[W]hile the decisions of the United States Supreme Court are binding upon our Georgia appellate courts [citations omitted], those of other federal courts are not binding upon the Georgia appellate courts. [Citations omitted]." *Dodd v. Newton,* 122 Ga. App. 720, 723 (178 SE2d 567). Moreover, the State Farm case so relied upon by Coburn was a tort action for damages in which other elements of damages were alleged and proven, and not, as the case sub judice, one on contract in which only two elements are claimed, punitive damages and attorney fees.

We hold that Liberty Mutual's motion for summary judgment should have been granted, and the judgment of the trial court is reversed.

*Judgment reversed. Pannell, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 3, 1974 — DECIDED SEPTEMBER 20, 1974 — REHEARING DENIED OCTOBER 10, 1974.

*Corish, Smith, Remler & Moore, Malberry Smith, Jr.,* for appellant.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan,* for appellee.