## 50267. SOUTHERN MOTORS OF SAVANNAH, INC. v. CLEARY.

STOLZ, Judge.

On February 8, 1956, in the Superior Court of Chatham County, a judgment in favor of Barbara H. Silver, now Barbara H. Cleary, awarding her a divorce, alimony and support for the two minor children, Diane and Karen, was entered. It required Julian G. Silver, defendant, to pay $25 each week for each child until both reached 18 years of age plus $12.50 a week for the plaintiff until her death or remarriage.

Subsequently, Silver obtained a job at Southern Motors of Savannah, Inc. Mrs. Cleary sought enforcement of her 1956 judgment by instituting garnishment proceedings against Southern Motors of Savannah, Inc. and against several banks simultaneously on August 17, 1972. The garnishment amounted to $55,246.57 principal and interest on the unpaid instalments of the 1956 judgment, as computed by plaintiff when the youngest child reached age 18 in June, 1971. The defendant was allowed to intervene in this proceeding. After an evidentiary hearing, the superior court judge ordered that

the sums paid into court by the garnishee ($1,682.38) be paid to Mrs. Cleary, the garnishor. There was no appeal from this judgment.

On November 6, 1972, the date of the above order, an employment contract was entered into between Julian Silver, and Southern Motors at the insistence of Silver, who stated that without such an agreement he would quit. Silver was considered to be of sufficient value to Southern Motors that his request was complied with.

The contract provided that for a period of one year, beginning November 6, 1972, and ending November 5, 1973, Silver would be employed as "Sales Manager" for all new and used cars. The amount of compensation that Silver was to receive and the time at which it was to be paid was covered by paragraph five of the contract which provided: "Silver is to receive as compensation for services rendered a commission on all new and used cars sold by the corporation. The commission is [to] be computed based on 5% of the profit on all of the new and used cars sold. The amount of commissions shall be computed by the corporation's bookkeepers from time to time as requested by corporation's officers and shall be paid only after computation by the corporation's bookkeepers. In no event shall more than one year lapse without computation and payment. Further, in no event is Silver entitled to be paid anything until the said computation is completed as it is agreed that it is impossible for the profits to be determined before computation. However, corporation, as its option, may pay such portion of the commissions to Silver in advance or where corporation's officers determine that payment to Silver is required to supply Silver's necessities."

On November 7, 1972, Southern Motors was served with a garnishment seeking assets belonging to Silver. Southern Motors replied that they had no property, money, or effects due to Silver during the period of the garnishment as these obligations were determined by contract and Silver was to receive only commissions and bonuses under the terms of the contract. This answer was traversed. The same process, i.e., garnishment, answer, traverse, was followed for the next ten months, with each garnishment being filed prior to the expiration of thirty

days from the filing of the previous garnishment. By stipulation, a trial was held only on the traverses filed to the first two garnishment answers.

On October 26, 1973, judgment was entered in favor of the plaintiff against Southern Motors of Savannah, Inc. in a garnishment action in the Superior Court of Chatham County. On October 15, 1974, an order overruling a motion for new trial and denying a motion to dismiss was entered. It is from these judgments that appeal is taken.

1. The garnishee enumerates as error the trial judge's sustaining the garnishor's counsel's objection to the question, "[M]ay we assume from that that you [garnishor] and your husband as signees on that bond [garnishment] have $108,000?" This enumerated error is without merit. The garnishment bond was approved by the deputy clerk of the Superior Court of Chatham County. The sufficiency of the garnishment bond was not questioned by the garnishee in its answers. The only issue raised by the garnishee's answer is the validity of the employment contract referred to previously. Indeed, the validity of the plaintiff/garnishor's judgment and all matters related thereto, had been adjudicated in the first garnishment action with a judgment in favor of the garnishor, which was not appealed. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. The only issue presented at the trial of the case sub judice was the validity of the contract between Southern Motors of Savannah, Inc. (employer/garnishee) and Julian G. Silver (employee/intervenor).

2. The garnishee's next enumerated error contends that no notice was given to the garnishee that no exemptions were allowed in a garnishment for alimony and child support. There is no statutory exemption from garnishment for alimony and child support. *Caldwell v. Central of Ga. R. Co.,* 158 Ga. 392 (123 SE 708) and cits.; *Hilltop Auto Salvage v. Mason,* 132 Ga. App. 746 (209 SE2d 25) and cits. An examination of the record before us

shows that the garnishor's affidavit claims that the garnishee's employee was indebted to her in the sum of $54,231.05 upon a judgment obtained at the February term 1956 of the Superior Court of Chatham County. This is sufficient notice to put the garnishee/employer on notice to make inquiry as to the nature of the judgment against its employee.

3. The garnishee complains that the trial judge erred in admitting in evidence a computation of gross profits earned after the period covered by the garnishment. Examination of the record reveals a colloquy between counsel and the court, but no proper objection being made. In any event, such would not be sufficient to require a reversal and a new trial of the case.

4. The garnishee's fourth enumerated error, complaining of the denial of its motion for a directed verdict, is without merit. The issue before the court was the existence of a bona fide contract between the garnishee and its employee. The evidence presented did not demand a verdict for the garnishee. The issue was submitted to the jury and was resolved in favor of the garnishor.

5. Enumeration of error 5 relates to the trial judge's directing a verdict in favor of the garnishor against the garnishee for the amount ($920.69) paid by the garnishee to its employee for "necessities." The trial judge was correct. There are no deductions where the garnishment is based on alimony and child support. See citations in Division 1, supra.

6. The garnishee next enumerates as error the trial judge's giving Code § 46-203 in charge to the jury. As previously noted, the legitimacy of the contract was one of the principal issues for the jury to decide. The issue was not whether such contracts are permissible (see *Prothro v. Grubbs & Camp,* 71 Ga. 863; *McKay v. Rowland & Co.,* 20 Ga. App. 403 (93 SE 36)) but whether this contract was bona fide or an attempt to evade a judgment based on alimony and child support. The trial judge did not err in giving the charge complained of.

7. The garnishee enumerates as error the filing of successive garnishments before the answers were due, contending that this rendered the garnishments void.

This contention must fail for two reasons: First, under the contract in question, no definite time is expressed as to when the employee is to be paid (under paragraph 5 the amounts of commissions are computed "from time to time as requested by Corporation's officers" and are paid "only after computation by the Corporation's bookkeepers") within the period covered by the contract except for at least an annual payment. Such a provision carries the contract in question beyond those referred to in *Prothro,* supra, and *McKay,* supra. In those cases, a judgment creditor such as the garnishee here could levy the garnishment at the end of the contract period with reasonable assurance of finding some of the defendant's assets. In the case at bar, a "timely request" by the corporation's officers for a computation by the corporation's bookkeepers would make it virtually impossible for a judgment creditor to have any success in satisfying the judgment unless done in the manner followed by the garnishor herein. Second: The case actually was tried on the issues presented by the first two garnishments filed. If there was any irregularity, it was harmless.

8. The garnishee's eighth enumeration of error was not argued orally or by brief, and is deemed abandoned.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 11, 1975 — DECIDED MARCH 13, 1975.

*Lee & Clark, Fred S. Clark,* for appellant.
*Findley, Ratcliffe & Callaway, James E. Findley,* for appellee.