## 53797. CLEARY v. SOUTHERN MOTORS OF SAVANNAH, INC. et al.

QUILLIAN, Presiding Judge.

This is an appeal by the plaintiff from a directed verdict in favor of both defendants. Plaintiff obtained a divorce from defendant Silver in which she was awarded alimony and support. She filed a garnishment against Southern Motors where her former husband worked as sales manager. Southern Motors paid the funds due Silver into court and they were awarded to plaintiff. There was no appeal from that judgment.

At the time of the first garnishment, Silver did not have an employment contract with Southern Motors. On the date the garnishment judgment was rendered Silver tendered his resignation to Southern Motors. The president of Southern Motors contacted their attorney to "see if there was any legal way [Silver] could work in Georgia." The lawyer testified that he researched the problem and "found some cases, Georgia Supreme Court cases that had never been overruled that gave [him] the basis of an employment contract. . ." The lawyer provided Southern Motors with a contract of employment for defendant Silver. Thereafter, plaintiff filed successive, sometimes overlapping, garnishments against Southern Motors. The garnishee, in each answer, responded that — as of that date, it has no wages due the defendant Silver. Plaintiff traversed each answer and the issue came to trial. The jury awarded plaintiff $16,267.95. Southern Motors filed an interpleader which resulted in a division of the funds between the federal and state governments for taxes, with the remainder to the plaintiff. That judgment was affirmed in *Southern Motors v. Cleary,* 134 Ga. App. 278 (213 SE2d 920).

Plaintiff then filed this action alleging defendants "entered upon a conspiracy. . .to defeat plaintiff's right to

collect her judgment against Silver." Her prayer for damages demanded $6,983.07 in actual damages, and $367.53 per week until her judgment was fully satisfied, and $250,000 exemplary damages.

After a pre-trial hearing, plaintiff was directed to "consolidate and restate her complaint. . ." The new complaint prayed for damages against defendants "for depriving her of. . .peace and happiness. . .and for the mental suffering and wounded feelings experienced by her" in such amount "as the jury shall determine. . ." In addition she demanded "her expenses of litigation" and $250,000 exemplary damages.

Following a second pre-trial hearing, plaintiff was required to "recast her complaint." Her recast petition demanded the same damages as her second complaint.

After the plaintiff presented her evidence, defendants moved for and were granted a directed verdict. Plaintiff appeals. *Held:*

1. It is evident that plaintiff sought, in her first petition, actual and exemplary damages. In her second petition, she deleted her prayer for actual damages and sought damages for "expenses of litigation," apparently under Code § 20-1404; $250,000 "exemplary damages" under Code § 105-2002; and "such sum of money as the jury shall determine. . .for depriving her of the peace and happiness due. . .and for the mental suffering and wounded feelings experienced by her." This latter prayer for damages is analogous to language used in Code § 105-2003.

At the close of plaintiff's case defendants insisted that plaintiff elect whether she would proceed under Code § 105-2002 or Code § 105-2003 as recovery under both would be a double recovery. *Westview Cemetery v. Blanchard,* 234 Ga. 540, 546 (216 SE2d 776). Plaintiff elected to proceed under Code § 105-2002 which permits exemplary or punitive damages as "additional damages" in a tort action where there are proven aggravating circumstances. However, "[t]here must be a right under the pleadings and evidence to recover general, nominal, or special damages. Otherwise, punitive damages could not and would not be additional." *Beverly v. Observer Pub. Co.,* 88 Ga. App. 490 (4) (77 SE2d 80); *Terry v. Wonder Seal*

*Co.,* 120 Ga. App. 423 (4) (170 SE2d 745); *Haugabrook v. Taylor,* 225 Ga. 317, 318 (168 SE2d 162). Were there any other general, nominal, or special damages, pleaded or proved? The trial judge found there were none. We agree.

Plaintiff, in her recast petition, had deleted her demand for actual damages which had been alleged in her first petition. There remained, expenses of litigation, exemplary damages under Code § 105-2002, and vindictive damages under Code § 105-2003. As she could not proceed under 2002 and 2003, she elected to drop vindictive damages under 2003. Punitive damages under 2002 are permissible only as "additional damages." Were the expenses of litigation such damages? We find they were not.

Attorney fees and expenses of litigation "are not generally allowed as a part of the damages. . ." Code § 20-1404. Attorney fees and expenses of litigation are not punitive or vindictive damages. *Roberts Pest Control Co. v. McDonald,* 132 Ga. App. 257, 260 (4) (208 SE2d 13); cf. *Williams v. Harris,* 207 Ga. 576, 579 (3) (63 SE2d 386). They are recoverable only in cases where other elements of damages are recoverable. *Liberty Mut. Ins. Co. v. Coburn,* 132 Ga. App. 859, 862 (209 SE2d 655).

We can not approve the argument that where punitive damages may be awarded "as additional damages," and expenses of litigation may be recovered "where other elements of damages are recoverable," that each of these provides the requisite support for the other. Individual items which require separate support, cannot provide mutual support for each other. Cf. *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (4), supra; *Liberty Mut. Ins. Co. v. Coburn,* 132 Ga. App. 859, 861, supra.

2. Plaintiff moved to amend her pleading to "request nominal damages." The trial court refused. We find no error. A party may amend his pleading as a matter of course, without leave of court, at any time before entry of a pre-trial order. Civil Practice Act § 15, Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694). Thereafter, leave of court or written consent of the adverse party is required. Id. Here, two pre-trial orders had been entered, and the defendants objected to the amendment. The trial judge did not abuse

his discretion.

3. The remaining enumerations are either mooted by the above, or are without merit.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED APRIL 12, 1977 — DECIDED APRIL 29, 1977.

*James E. Findley, Ronald W. Hallman,* for appellant.

*David S. Bracker, Marshall Wood, Bouhan, Williams & Levy, Frank W. Seiler,* for appellees.