## 59325. DOLLAR v. FIRST BANK OF CLAYTON COUNTY.

Quillian, Presiding Judge.

This is an appeal from the grant of a motion for summary judgment. *Held:*

"The party opposing a motion for summary judgment is entitled to a liberal construction in his favor of the pleadings and evidence. [Cits.]" *Central Soya Co. v.*

*Bundrick,* 137 Ga. App. 63, 67 (222 SE2d 852). So construed the record shows that plaintiff-appellant Dollar sold his retail liquor sales business, consisting of two stores, to one Williamson in February 1976. Williamson borrowed $40,000 from defendant-appellee bank and gave as collateral all inventory and equipment of the business. By June 1976 Williamson was in such financial difficulty that the bank was ready to foreclose. Dollar contended that he agreed to manage or operate the business for the bank until a purchaser could be found. Dollar conducted the business from June through September 1976, when it was sold. The state sales and federal social security taxes for the period Dollar was operating the business were not paid to the taxing authorities. Dollar subsequently was personally assessed for these taxes by the taxing agencies and the assessments became final.

Dollar brought this suit against the bank for reimbursement for the taxes assessed against him. In addition to the foregoing matters Dollar alleged that during the period for which the taxes were assessed, he was operating the business for and in behalf of the bank at its request and that the bank was therefore liable over to him for these business expenses. The bank moved for summary judgment, denying by affidavit that Dollar had operated the business on its behalf. Dollar responded with a contradicting affidavit. The trial court granted the bank's motion and Dollar appeals.

The theory of a motion for summary judgment is that there is no genuine issue of material fact to be resolved and the movant is entitled to judgment on the law applicable to the established facts construed in favor of the opposing party. *Ellington v. Tolar Const. Co.,* 237 Ga. 235 (227 SE2d 336).

Here there is a clear issue of material fact as to whether Dollar was operating the business for the bank. If this issue is resolved in Dollar's favor, the relationship between Dollar and the bank can be characterized as that of agent and principal, since "[t]he relation of principal and agent arises whenever one person, expressly or by implication, authorizes another to act for him . . ." Code Ann. § 4-101; *Greenbaum v. Brooks,* 110 Ga. App. 661 (2)

(139 SE2d 432); *Butler v. Moore,* 125 Ga. App. 435 (2) (188 SE2d 142); *Davidson v. Ramsby,* 133 Ga. App. 128 (2) (210 SE2d 245).

"The right of one who has had a judgment rendered against him to maintain an action over against a third person may arise from relations contractual or non-contractual existing between the two. The duty to indemnify may arise from some express or implied agreement to indemnify, or may arise by operation of law, independently of contract." *Central of Ga. R. Co. v. Macon R. &c. Co.,* 9 Ga. App. 628, 631 (71 SE 1076).

"An agent who shall have discharged his duty shall be entitled to . . . all necessary expenses incurred about the business of his principal." Code Ann. § 4-212. And see 3 CJS Agency, § 321, where at 119 it is stated: "The general rule is that, where one is employed or directed by another to do an act in his behalf . . . the law implies a promise of indemnity by the principal for . . . expenditures incurred as a proximate consequence of the good faith execution of the agency."

Since there is law supporting the theory on which appellant brought suit and there is a material factual issue to be resolved to determine whether appellant falls within that theory, the trial court erred in granting summary judgment to appellee.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED MARCH 10, 1980.

*Jack A. Wotton, Charles A. Gravitt,* for appellant.
*Lee Hutcheson,* for appellee.