62132. FIRST BANK OF CLAYTON COUNTY v. DOLLAR.

SHULMAN, Presiding Judge.

In February 1976, using money he had borrowed from appellant-First Bank of Clayton County, Jimmy Williamson pur-

chased two liquor stores from appellee-Dollar. As collateral for the loan, Williamson gave appellant a security interest in the inventory and equipment found in the stores. By June 1976, Williamson and the two liquor stores were in such financial difficulty that appellant was ready to foreclose. Appellee returned to the stores in a managerial capacity and conducted the businesses through September 1976, at which time the stores were sold to another individual. Appellee was assessed for the state sales and federal withholding taxes which accrued from June through September 1976. After paying the taxes, appellee brought this suit against appellant for reimbursement. The trial court's grant of appellant's motion for summary judgment was reversed by this court in *Dollar v. First Bank of Clayton County,* 153 Ga. App. 789 (266 SE2d 566). Thereafter, a jury returned a verdict in favor of appellee for $15,603.13 and $4,867.71 in attorney fees. Appellant urges the general grounds and maintains that the trial court erred in various portions of its charge to the jury, in submitting the question of expenses of litigation and attorney fees to the jury, and in denying appellant's motions for a directed verdict and a new trial.

1. Appellant maintains that the judgment against it is not supported by sufficient evidence. We disagree. There was evidence presented at trial from which the jury could conclude that, at appellant's request, appellee operated the liquor stores on behalf of appellant until a new buyer for the stores could be found. Furthermore, there was testimony that appellee was assured by representatives of appellant that appellant would take care of the accrued taxes. From that evidence the jury could conclude that appellant agreed to reimburse appellee for the taxes he paid on behalf of the liquor stores and could properly render a verdict accordingly.

2. Appellant insists that since there was no evidence of a valid contract before the jury, it was error for the trial court to instruct the jury that a contract was at issue and to charge on what constituted a contract. Appellant is incorrect. In the first place, the trial court never instructed the jury that a contract was at issue. Furthermore, as discussed above, there was evidence from which the jury could have concluded that an express oral contract or an implied contract for indemnity existed between appellant and appellee. Thus, the trial court did not err when it charged the jury regarding contract law.

3. In its third and fourth enumerations of error, appellant maintains that the trial court erred when it denied appellant's motion for a new trial because any agreement between appellant and appellee would encompass illegal activity and thus render the contract void and unenforceable. Illegality is an affirmative defense

and must, therefore, be raised in the pleadings or be considered waived. Code Ann. § 81A-108 (c). See *New House Products v. Commercial Plastics &c. Corp.,* 141 Ga. App. 199 (1) (233 SE2d 45). Perusal of the record reveals that appellant neither included the defense in a pleading nor raised it by written motion. Appellant may not now avail itself of an affirmative defense which it failed to properly present. *Searcy v. Godwin,* 129 Ga. App. 827 (1) (201 SE2d 670). Accordingly, since appellant waived the defense of illegality, the trial court did not err when it refused to grant appellant a new trial on that ground.

4. The jury verdict of $15,603.13 comprised the total of the taxes appellee had paid and $1,000 in attorney fees which appellee had incurred in contesting the tax assessments. The jury also awarded appellee an additional $4,867.71 in attorney fees. Appellant takes issue with the latter award of attorney fees made to appellee under Code Ann. § 20-1404. That section states: "the expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them." Appellant does not contest the sufficiency of the evidence of the statutory prerequisite to an award of attorney fees (bad faith, stubborn litigiousness, causing appellee unnecessary trouble and expense). Compare *Altamaha Convalescent Center v. Godwin,* 137 Ga. App. 394 (2) (224 SE2d 76). Rather, appellant maintains that appellee's testimony that he had agreed to pay his attorneys "[a] third on contingency on the tax" was not sufficient proof of the legal fees to support an award made under § 20-1404.

"An attorney cannot recover for professional services without proof of their value." *Price v. Mitchell,* 154 Ga. App. 523 (6) (268 SE2d 743). Generally, a party will proffer the opinion testimony of his present counsel as well as that of other attorneys in an effort to show what constitutes a reasonable attorney fee in light of the litigation history of the case. See *Altamaha Convalescent Center,* supra; *Bankers Health Life Ins. Co. v. Plumer,* 67 Ga. App. 720 (2) (21 SE2d 515). A party's testimony as to the "approximate" cost of legal fees is insufficient. *Price v. Mitchell,* supra. Inasmuch as appellee's testimony alone did not give the jury sufficient basis upon which to award a reasonable amount for attorney fees, it was error to enter judgment on the jury's award of attorney fees.

Appellee cites State Farm Mut. Auto. Ins. Co. v. Smoot, 381 F2d 331 (5th Cir. 1967) in support of his position that contingency fee testimony alone is sufficient to award attorney fees under Code Ann. § 20-1404. There the court approved the use of contingent recovery as a basis for fixing fees under § 20-1404. However, in that case, four

attorneys had testified on behalf of the plaintiff and stated that a fee of 50% of any sums recovered was reasonable in light of the history of that case. Id., p. 339. The court noted that the jury determined the reasonableness of the fee based upon the uncontradicted testimony of four witnesses whose professional qualifications were not questioned. No such testimony was offered in the case before this court. Since the award of attorney fees under § 20-1404 is not supported by sufficient evidence, the case is remanded to the trial court with direction that the attorney fee portion of the judgment be stricken.

5. Appellant also asserts that the $1,000 award of attorney fees was improper because attorney fees not earned in the litigated case cannot be awarded under Code Ann. § 20-1404. See *Liberty Mut. Ins. Co. v. Coburn,* 132 Ga. App. 859, 862 (209 SE2d 655). However, appellant's assertion is without merit since the $1,000 award was not made under the auspices of § 20-1404, but was included as a portion of the compensatory damages awarded appellee. Therefore, the restrictions surrounding awards of attorney fees under § 20-1404 were not applicable to the $1,000 award.

*Judgment affirmed in part; reversed in part and remanded with direction. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 16, 1981 —
REHEARING DENIED OCTOBER 6, 1981 —

*G. Robert Oliver,* for appellant.
*Jack A. Wotton, Charles A. Gravitt,* for appellee.