**Joseph M. EWAYS, Plaintiff-Appellant,**

v.

**The GEORGIA RAILROAD BANK and Stewart O'Shell, Defendants-Appellees.**

No. 85–8754.

United States Court of Appeals, Eleventh Circuit.

Dec. 22, 1986.

Dana F. Braum, Savannah, Ga., for plaintiff-appellant.

Charles C. Stebbins, III, O. Palmour Hollis, Augusta, Ga., for defendants-appellees.

Before VANCE and EDMONDSON, Circuit Judges, ALLGOOD *, District Judge.

PER CURIAM:

Appellant Joseph Eways appeals a default judgment against him. We reverse the district court's award of $50,000.00 for bad faith damages. We vacate the district court's award of $107,913.82 for litigation expenses to the extent that such award exceeds $54,711.57, and remand for a determination of whether litigation expenses in excess of $54,711.57 can be properly awarded. In all other respects, we affirm the default judgment.

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Alabama, sitting by designation.

I. The $50,000.00 Award For "Bad Faith Damages"

The district court awarded to appellee Georgia Railroad Bank ("Bank") $50,000.00 "bad faith damages." To justify this award, the court cited O.C.G.A. Sec. 13–6–11, which provides that a plaintiff is entitled to recover the expenses of litigation where defendant acted in bad faith, has been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense. But an award for litigation expenses under O.C.G.A. Sec. 13–6–11 must be supported by evidence that the expenses were reasonable. *See First Bank of Clayton County v. Dollar*, 159 Ga.App. 815, 285 S.E.2d 203, 205 (1981). Mere guesswork is not sufficient to justify such an award of litigation expenses. *See Davis v. Fomon*, 144 Ga. App. 14, 240 S.E.2d 581, 581 (1977). Although the Bank documented litigation expenses in the amount of $102,804.51 and overhead in the amount of $5,109.31, the Bank presented no evidence that it incurred an additional $50,000.00 of reasonable attorney fees. Therefore, the district court erred by awarding an additional $50,000.00 as "bad faith damages."

II. The $107,913.82 Award for Litigation Expenses

The district court awarded $102,-804.51 for attorney's fees and expenses and $5,109.31 for overhead incurred by the Bank in its effort to collect Eways' debt. Eways concedes that pursuant to a 1977 guaranty he owes 15% of the first $500.00 of principal and interest awarded in this case, plus 10% of such principal and interest in excess of $500.00.[1] Applying this formula, we compute that Eways concedes that he owes $54,711.57 under the guaranty.

According to the Bank, the district court properly awarded $107,913.82 for expenses of litigation. The Bank argues that this full award can be justified on two grounds (a) the 1977 guaranty whereby Eways promised to pay all collection costs, and (b)

1. The amount of principal and interest awarded in this case was $546,865.72.

the bad faith and stubborn litigiousness provision (i.e., section 13–6–11).

An award of attorney's fees in excess of $54,711.57 cannot, however, be justified by the 1977 guaranty. The amount that can be awarded under the guaranty is limited by O.C.G.A. sec. 13–1–11(a)(2). Under sec. 13–1–11(a)(2), an obligation for attorney's fees in a note or other evidence of indebtedness, where such obligation does not specify that the attorney's fees will equal a certain percent of the principal and interest, is only enforceable up to 15% of the first $500.00 of principal and interest, and 10% of the principal and interest in excess of $500.00. The maximum award permitted by section 13–1–11 in this case is $54,-711.57—the amount which Eways concedes he owes under the 1977 guaranty.

Any award for litigation expenses—attorney's fees, expenses and overhead—in excess of $54,711.57 must therefore be justified, if at all, under the bad faith and stubborn litigiousness statute (i.e., section 13–6–11). Based on the district court's laconic orders and the rest of the record, this Court cannot determine whether such an additional award is justifiable under section 13–6–11.

We affirm the $107,913.82 award for litigation expenses only to the extent of $54,-711.57—the amount Eways concedes he owes under the guaranty. We vacate the $107,913.82 award to the extent that it exceeds $54,711.57, and remand for a determination of whether an award for expenses of litigation in excess of $54,711.57 can be justified under section 13–6–11. Furthermore, we instruct the district court to observe the following guidelines when determining whether an additional award based on section 13–6–11 is proper.

■ 1. No expenses of litigation incurred in other lawsuits can be awarded pursuant to section 13–6–11. Only expenses of litigation incurred in the present lawsuit can be awarded under this section. *Alston v. Stubbs,* 170 Ga.App. 417, 419, 317 S.E.2d 272, 274 (1984); *Liberty Mutual Insurance Co. v. Coburn,* 132 Ga.App. 859, 862, 209 S.E.2d 655, 657 (1974); *Randolph v. Merchants & Mechanics Banking & Loan Co.,* 58 Ga.App. 566, 573, 199 S.E. 549, 553–54 (1938).

■ 2. The Bank cannot recover under section 13–6–11 for the costs of defending against Eways' complaint. Rather, the Bank can recover only the expenses incurred in prosecuting its independent counterclaims. *See Ballenger Corp. v. Dresco Mechanical Contractors, Inc.,* 156 Ga.App. 425, 274 S.E.2d 786, 792–94 (1980).

3. Bad faith damages otherwise allowable under section 13–6–11 must be reduced, if necessary, to avoid a double award for the same litigation expenses. If the Bank has incurred $54,711.57 or more in collection efforts in other lawsuits after the confirmation of Eways' Chapter 11 reorganization plan in 1982, then the $54,-711.57 which Eways concedes he owes under the guaranty can be attributed to these other lawsuits. In that event, any award for expenses of litigation in the present lawsuit pursuant to section 13–6–11 would not represent a double award.

■ If, however, the Bank has incurred less than $54,711.57 in collection efforts in other lawsuits subsequent to the confirmation of Eways' bankruptcy plan, then not all of the $54,711.57 which Eways concedes he owes under the guaranty can be attributed to other lawsuits. In that event, the remainder of the $54,711.57 amount owing under the guaranty must be attributed to the expenses incurred in the present lawsuit; consequently, a potential for double recovery exists. To avoid a double recovery, an award pursuant to section 13–6–11 can be made only to the extent that the total collection costs of the Bank, in all of its lawsuits subsequent to confirmation of the bankruptcy plan, exceeds $54,711.57.[2]

## CONCLUSION

Eways raises other arguments on appeal. In light of the briefs, the record, and the

---

**2.** Case law construing the interaction of O.C.G.A. section 13–1–11 and O.C.G.A. section 13–6–11 is extremely sparse. At least one Georgia appellate court has held that the maximum percent recoverable under section 13–1–11 does not limit recoveries under section 13–6–11 for stub-

oral argument, we find these arguments to be without merit. We REVERSE the district court's award of $50,000.00 "bad faith damages." Furthermore, we VACATE the district court's award of $107,913.82 for litigation expenses to the extent that such award exceeds $54,711.57, and remand for a determination of whether any additional award for litigation expenses in excess of this $54,711.57, can be properly made pursuant to O.C.G.A. 13–6–11.

In all other respects, we AFFIRM the district court's default judgment.

born litigiousness. *Ale-8-One of America, Inc. v. Graphicolor Services, Inc.,* 166 Ga.App. 506 305 S.E.2d 14, 16–17 (1983).

The parties did not point out, nor could we find, any case law addressing the question of whether, and how, a recovery for attorney's fees pursuant to a contractual obligation and section 13–1–11 should affect a recovery in the same case for bad faith and stubborn litigiousness under section 13–6–11, and vice versa. It is possible to construe sections 13–1–11 and 13–6–11 as interacting in a number of ways.

We adopt the above construction because it is least in derogation of the common law. Under the common law, and in Georgia until 1891, attorney's fees provisions in instruments of in-

debtedness were looked upon with favor and were as valid as any other stipulation in an agreement. *See General Electric Credit Corp. v. Brooks,* 242 Ga. 109, 249 S.E.2d 596 (1978). The statute now codified as amended in O.C.G.A. section 13–1–11 limits this common law right to contract to pay attorney's fees, and therefore should be construed narrowly. *See Oliver Typewriter Co. v. Fielder,* 7 Ga.App. 529, 67 S.E. 210 (1910), *disapproved on other grounds, Broun v. Bank of Early,* 243 Ga. 319, 253 S.E.2d 755, 757 (1979). Because the interpretation we adopt today permits more attorney's fees to be recovered than other interpretations, it is less in derogation of the common law, and therefore a preferable construction.