A89A2130. HERCULES AUTOMOTIVE, INC. v. HAYES et al.
(389 SE2d 571)

SOGNIER, Judge.

Hercules Automotive, Inc. brought suit against its former employee, Robert Hayes, and Hayes' wife, Yvonne, to recover the amount it paid the C & S Bank as guarantor of a note on which the Hayeses had defaulted. The Hayeses counterclaimed, alleging claims of breach of the employment contract as well as quantum meruit. Shortly thereafter, the Hayeses declared bankruptcy and discharged the debt to Hercules. The counterclaim was tried before a jury, which returned a verdict for the Hayeses on the breach of contract theory and awarded expenses of litigation and attorney fees pursuant to OCGA § 13-6-11. Hercules' motion for judgment notwithstanding the

verdict or, in the alternative, a new trial, was denied and Hercules appeals.

1. Appellees' motion to dismiss the appeal is denied.

2. Appellant contends the trial court erred by failing to direct a verdict in its favor because the discharged debt was greater in amount than the sum sought by appellees, and it was entitled to a setoff of the amount of the discharged debt as a matter of law regardless of any alleged fault in causing appellees' default. The record reveals, however, that appellant's motion for a directed verdict at the conclusion of appellees' evidence was not made on that ground, but on a different and specific ground, and appellant subsequently renewed its motion for a directed verdict at the close of the evidence on that same specific ground. Moreover, appellant did not object to the trial court's instruction to the jury that "[appellant] may . . . set off or obtain a credit for the amount of financial loss or damage it has sustained by virtue of its obligations under the guaranty agreement, *unless you find from the evidence presented that [appellant] itself caused [appellees'] default on the note.* If you find from the evidence presented that [appellant] caused [appellees'] default, then set-off may not be exercised by [appellant]."

"A motion for a directed verdict shall state the specific grounds therefor." OCGA § 9-11-50 (a). "The function of the requirement that the specific grounds be stated 'is to assure that the trial court has an adequate basis for its decision.' [Cit.]" *Grabowski v. Radiology Assoc.,* 181 Ga. App. 298, 300 (352 SE2d 185) (1986). "A ground not mentioned in a motion for directed verdict cannot thereafter be raised on appeal. In the case sub judice, [appellant] failed to raise this issue in its motions for directed verdicts brought after the close of [appellees'] case and at the close of evidence. Consequently, this enumeration of error presents nothing for appellate review." (Citations and punctuation omitted.) *Leader Nat. Ins. Co. v. Kemp & Son,* 189 Ga. App. 115, 116-117 (1) (375 SE2d 231) (1988).

3. Because appellant's motion for j.n.o.v. as to this issue was not based on a motion for directed verdict on that ground, see Div. 2, supra, we may not consider its contention that the trial court erred by denying its motion for j.n.o.v. on the setoff issue. See *Tanner v. Gilleland,* 186 Ga. App. 377, 378 (2) (367 SE2d 257) (1988).

4. Appellant also contends for several reasons that the trial court improperly submitted to the jury the issue of expenses of litigation and attorney fees. Pretermitting the question of whether such an award is recoverable pursuant to OCGA § 13-6-11 despite the existence of a bona fide controversy when the ground alleged is bad faith in the underlying transaction (but see *Powell v. Watson,* 190 Ga. App. 375 (378 SE2d 867) (1989)), the transcript reveals that contrary to

appellees' argument, no evidence of the reasonableness of the attorney fees was adduced. Counsel for appellees presented a "bill of expenses and advances incurred" in appellees' representation which he stated was "reasonable," but he admitted that it showed "only . . . expenses and costs" expended by counsel and not hours, rates, or any other indicator of the value of *professional services* rendered. Compare *Georgia Bldg. Svcs. v. Perry*, 193 Ga. App. 288 (6) (387 SE2d 898) (1989). The only evidence admitted with respect to the amount of professional services was a contingent fee contract, which is insufficient to support the award of attorney fees. " 'An attorney cannot recover for professional services without proof of their value.' [Cit.]" *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981). Accordingly, because the award of attorney fees was not supported by sufficient evidence, see id. at 817-818, we reverse the award of attorney fees and remand this case to the trial court with direction that the attorney fee portion of the judgment be stricken. Id. at 818.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Banke, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1989 — REHEARINGS DENIED DECEMBER 14 AND DECEMBER 20, 1989 — ▮▮▮▮

*Perry, Walters & Lippett, C. Richard Langley*, for appellant. *Guttshall & Guttshall, Russell M. Guttshall III*, for appellees.