## A96A1617. CORNELIUS v. WOOD.

(477 SE2d 595)

JOHNSON, Judge.

Alleging breach of an employment contract, Christopher Wood sued Bahamas International Film Festival, Inc. ("Film Festival"); B. J. Bandy, Film Festival's primary investor; and James Cornelius, a Film Festival director. Wood originally sued in DeKalb County, but voluntarily dismissed that complaint without prejudice and refiled in Fulton County. Bandy filed a motion for summary judgment, which was granted on February 9, 1994. In an unpublished opinion, this court affirmed. *Wood v. Bandy*, 216 Ga. App. XXX (1995). Wood then obtained a default judgment against both remaining defendants, from which Cornelius now appeals. Cornelius, who is not a lawyer, represented himself below and before this Court.

In his first five enumerations of error, Cornelius claims it was improper for the trial court to enter a default judgment. As explained below, we find each of these enumerations to be without merit. Cor-

nelius' final enumeration of error challenges the award of attorney fees. On this issue only, we reverse and remand to the trial court for further proceedings.

The return of service for Cornelius shows that the Fulton County complaint and summons were delivered to "Catherine Cornelius . . . identified as the sister of James Cornelius," at 1851 Penelope Road, Atlanta, Georgia, on May 13, 1993; and that "Ms. Catherine Cornelius acknowledged that this was the residence of Mr. James Cornelius." Cornelius did not file an answer. Instead, he took the following actions:

On November 18, 1993, Cornelius appeared at his deposition, taken by Wood. Cornelius testified that the Penelope Road address had been his primary residence for 40 years, and that it had been his address continuously for the past year.

On April 8, 1994, Cornelius sent a letter to the trial judge, and sent a copy for filing to the clerk of the Fulton County Superior Court. The letter asked that the case be taken off the trial calendar pending Wood's appeal of the summary judgment grant to Bandy. The same day, Cornelius filed an affidavit which stated only that he was named as a defendant in the Fulton County action and that his name did not contain the middle initial "C." Both the letter and the affidavit specifically referred to "Superior Court of Fulton County, Georgia Civil Action File Number E-08140," which was the correct Fulton County case number. In both documents, Cornelius listed himself as one of the defendants.

On August 11, 1995, Cornelius filed a "Motion to Dismiss or, Alternatively, Motion for Summary Judgment," with a supporting brief and affidavit. In these documents, he contended that Wood had contracted only with Film Festival; and that there were no grounds for piercing the corporate veil to hold Cornelius personally liable for Film Festival's breach of the contract.

On August 14, 1995, Cornelius filed a "Motion to Dismiss . . . or, in the Alternative, to Determine the Need for Service of Process," in which, for the first time, he contended that the Fulton County court had no personal jurisdiction over him because of a defect in service of process. In this motion Cornelius claimed he lived in DeKalb County, and that 1851 Penelope Road in Fulton County was his mother's home. Cornelius also argued in this motion that, until he received an August 3, 1995 letter from Wood's counsel, he had not realized that Wood was "proceeding against" him in Fulton County; and that he did not file an answer in this case "because I thought the case against me was in DeKalb County. . . . A deposition was taken by me then [sic] in November, 1993 and no mention was made of this case."

Cornelius argued this motion at a hearing on August 14. The court orally denied it. Though the record does not contain a written

order addressing this motion, there is no dispute about whether it was denied. After the August 14 hearing, the court signed an order finding Cornelius and Film Festival in default, and entering judgment against them jointly and severally for Wood's unpaid salary, attorney fees, and litigation costs, plus post-judgment interest.

1. In two related enumerations of error, Cornelius contends the trial court erred in denying his August 14, 1995 motion to dismiss for lack of personal jurisdiction. Cornelius argues, as he did below, that he lived in DeKalb County at the time of the Penelope Road service and afterward. He also argues for the first time that his sister also did not live at Penelope Road, and was therefore not a "person of suitable age and discretion then residing therein" under OCGA § 9-11-4 (d) (7).

The August 14 motion was the first pleading in which Cornelius challenged personal jurisdiction. By previously filing the April 1994 letter and affidavit, and the August 11, 1995 motion for summary judgment on the merits, Cornelius waived any objection to personal jurisdiction. *Moody v. Mendenhall*, 238 Ga. 689, 691 (2) (234 SE2d 905) (1977). We therefore need not decide whether Cornelius' unsworn August 14 motion, stating that he did not live at the service address, was "the very strongest evidence," which is necessary to overcome the presumption of valid service established by the sworn return. See *Earley v. Dyson*, 220 Ga. App. 586, 587 (469 SE2d 841) (1996), citing *Denham v. Jones*, 96 Ga. 130, 131 (23 SE 78) (1895). Moreover, because the argument concerning the sister's residence was not presented to the trial court, it may not be considered on appeal. *Magnan v. Miami Aircraft Support*, 217 Ga. App. 855, 859 (5) (c) (459 SE2d 592) (1995). These enumerations of error present no ground for reversal.

2. Cornelius maintains the trial court abused its discretion in entering default judgment against him because it had not found him to be in default before the August 14, 1995 hearing; and because the affidavit he filed on August 11, 1995 should have been construed as an answer. However, the record does not disclose that he made either argument below. Arguments not presented to the trial court may not be considered for the first time on appeal. *Magnan*, supra. This claim of error is without merit.

3. Cornelius' argument that Wood's evidence failed to pierce the corporate veil concerns liability. Because the trial court found Cornelius in default, Wood was only obligated to put on evidence as to damages, not liability. See OCGA § 9-11-55 (a). This claim of error is also without merit.

4. Cornelius claims that Film Festival was not properly served and is an indispensable party to the litigation. Film Festival is not, however, a party to this appeal, and did not appear to challenge ser-

vice upon itself at trial. Nor did Cornelius or anyone else argue to the trial court that Film Festival was an indispensable party. We therefore may not consider Cornelius' allegations regarding Film Festival. See *Magnan,* supra. This enumeration of error presents no ground for reversal.

5. Cornelius contends the trial court erred in awarding attorney fees. Wood's attorney stated that he had contracted to be paid one-third of any recovery, and claimed that fees in that amount should be awarded against Cornelius because "the defendants" had been stubbornly litigious, had acted in bad faith, and had caused Wood unnecessary trouble and expense. See OCGA § 13-6-11. The trial court then awarded attorney fees of $18,376, in addition to $55,128 in damages, $4,953 in litigation expenses, and post-judgment interest.

Evidence of the existence of a contingent fee contract, without more, "is insufficient to support the award of attorney fees. An attorney cannot recover for professional services without proof of their value." (Citations and punctuation omitted.) *Hercules Automotive v. Hayes,* 194 Ga. App. 135, 136-137 (4) (389 SE2d 571) (1989); see *Southern Cellular &c. v. Banks,* 209 Ga. App. 401, 403 (1) (433 SE2d 606) (1993). In the absence of any showing that the fees requested were reasonable, the fee award must be reversed. The case is remanded to the trial court for further proceedings solely on the issue of attorney fees.

*Judgment affirmed in part, reversed in part, and case remanded with direction. McMurray, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 7, 1996 —
RECONSIDERATION DENIED OCTOBER 28, 1996 —

James Cornelius, *pro se.*

*Wheeler & Watson, David K. Wheeler, James A. Watson,* for appellee.