## A98A0749. HSU'S ENTERPRISES, INC. v. HOSPITALITY INTERNATIONAL, INC.
### (502 SE2d 776)

Judge Harold R. Banke.

Hsu's Enterprises, Inc. ("Hsu") and Hospitality International, Inc. ("Hospitality") entered into a franchise agreement under which Hsu, as franchisee, would operate a Red Carpet Inn motel in Knoxville, Tennessee. The franchise agreement required the payment of monthly royalty fees based on the "gross room revenue" for ninety-four rooms located in two separate buildings. Several years later when motel revenues declined, Hsu wanted to convert one building into studio apartments not subject to royalty fees. Although Hsu was unsuccessful in obtaining permission from Hospitality to have the monthly payments calculated on the basis of only 47 rooms, Hsu, nevertheless, unilaterally reduced the monthly payments on that basis. After the ensuing negotiations proved unavailing, Hospitality notified Hsu that it was terminating the franchise. Hospitality filed the underlying action seeking past due fees and to enforce post-term obligations set forth in the franchise agreement.

The agreement required any modification to be made in writing, and it is undisputed that no such change was made. Under the agree-

ment, Hsu was obligated to pay monthly franchise fees equal to three and one-half percent of gross room revenues, and a $2 fee per motel room. The contract specified a complex formula for calculating liquidated damages in the event of default. Also, in the event of litigation, the prevailing party was entitled to be reimbursed for "all [its] costs and expenses including legal fees and expenses in connection therewith."

Hospitality's evidence of attorney fees relied on the testimony of two witnesses. An attorney, Michael Warshauer, testified that a reasonable amount of attorney fees in a collection case would typically be 45 percent of the recovery. However, Warshauer admitted that the 45 percent fee assumed hard-fought, expensive litigation and collection problems, facts not in evidence here. Jeffrey Gilbert, the attorney who prosecuted the case, stated that he had accepted it on a contingency fee basis and that he felt that a fee of 45 percent was a reasonable value for his services. Gilbert declined to make an estimate of his hours and admitted he had prepared a minimal amount of discovery and conducted no depositions.

The trial court refused to award attorney fees on the basis of the contingency fee contract which would have resulted in attorney fees of $27,000 and instead embraced the method for computing fees authorized by OCGA § 13-1-11 (a) (2), resulting in $6,025. The court also awarded $60,000 in damages to Hospitality. Hsu contests the propriety of that judgment as well as the mathematical calculation of the amount of damages and attorney fees. *Held*:

1. Hsu contends that the trial court erred in denying the motion for involuntary dismissal under OCGA § 9-11-41 (b) because Hospitality failed to prove its damages and attorney fees with a reasonable degree of certainty. In a nonjury trial, where the trial court acts as the factfinder, the court's findings are analogous to the verdict of a jury and will not be disturbed if there is any evidence to support them. *Safeway Ins. Co. v. Holmes*, 194 Ga. App. 160, 161 (1) (390 SE2d 52) (1990).

Without question, Hsu breached the express written terms of the franchise agreement. The only issues requiring resolution were the amount of damages and attorney fees. Andrew Shuler, Hospitality's vice president, testified, without contradiction, that the unpaid past due fees, interest, audit fee, late charges, and liquidated damages totaled $62,565. A certified public accountant, Robert Clark, conducted an independent audit of Hsu's business records. Clark testified that at all times he used generally accepted auditing procedures when he reviewed Hsu's books and records. To compute the balance due, Clark employed a random sampling technique adjusted for seasonal fluctuations in the business. Based on his audit, Clark determined that daily rentals had been underreported and calculated the

amount of unpaid additional fees.

Hsu presented no expert testimony to contradict Hospitality's computations or any rebuttal evidence to controvert the amount due. In fact, Hsu did not provide all the underlying records as part of the appellate record. In these circumstances, because the evidence did not demand a contrary finding, the trial court's ruling must be affirmed. *Ivey v. Ivey*, 266 Ga. 143, 144 (1) (465 SE2d 434) (1996).

2. Hsu contends the attorney fee award was erroneously calculated. He claims that Hospitality failed to adhere to the notice provisions of OCGA § 13-1-11. Pretermitting whether OCGA § 13-1-11 (a) (3) had any application to this case, the award must be set aside because no concrete evidence supports it.

The franchise agreement indisputably granted reimbursement for costs and legal expenses to Hospitality as the prevailing party. But Hospitality offered no evidence that it had paid any legal expenses. Evidence of the existence of a contingent fee contract, without more, is not sufficient to support the award of attorney fees. *Cornelius v. Wood*, 223 Ga. App. 339, 342 (5) (477 SE2d 595) (1996). An attorney cannot recover for professional services without proof of the value of those services. *Hercules Automotive v. Hayes*, 194 Ga. App. 135, 136-137 (4) (389 SE2d 571) (1989). A naked assertion that the fees are "reasonable," without any evidence of hours, rates, or other indication of the value of the professional services actually rendered is inadequate. Id. We, therefore, remand this case to the trial court for further proceedings solely on the issue of attorney fees. *Cornelius*, 223 Ga. App. at 342 (5).

3. In light of the above holding, we need not consider Hsu's remaining enumeration of error.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 16, 1998 —
RECONSIDERATION DENIED JULY 8, 1998.

*Chesnut & Livingston, Tom Pye*, for appellant.
*Jeffrey S. Gilbert*, for appellee.